UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x

| | | |
|---|---|---|
| JPMORGAN CHASE BANK, N.A., | : | Case No. 20-CV-2162 |
| Plaintiff, | : | |
| against- | : | COMPLAINT |
| SYNCHRONY BANK; ELIZABETH OPTICAL, INC. D/B/A COHEN'S FASHION OPTICAL; E & A OPTICAL, INC. D/B/A COHEN'S FASHION OPTICAL; EDWARD GERSHOVICH; and MARIANA GERSHOVICH, | : | |
| Defendants. | : | |

------------------------------------------------------------x

Plaintiff JPMorgan Chase Bank, N.A. ("Chase"), by its by its undersigned attorneys, for its complaint in interpleader against the defendants, alleges as follows:

NATURE OF THE ACTION

1.  This interpleader action relates to the sum of $5,943,906.43 on deposit at Chase (the "Funds") to which each of the defendants possesses or may possess a claim, in whole or in part. The defendants' claims or potential claims are adverse and competing. Chase has no interest in the Funds and hereby disclaims any such interest, and is willing and able to pay the Funds, in their entirety, into the registry of the Clerk of the Court, or to the person or persons who are entitled to it or any part of it, as directed by the Court. Chase desires to avoid exposure to multiple lawsuits or multiple liability for the payment of the Funds and therefore has filed this complaint in interpleader to respectfully request that the Court: (i) determine the rights of the defendants to the Funds; (ii) restrain the defendants from instituting and prosecuting any other state or federal action affecting the Funds and require them to assert their claims to the Funds in

a single action before this Court; (iii) order Chase to pay the Funds into the registry of the Clerk of the Court pending adjudication of the defendants' claims to them; and (iv) upon Chase's payment of the Funds into the registry of the Clerk of the Court, discharge Chase from all liability to the defendants.

## THE PARTIES

2. Plaintiff JPMorgan Chase Bank, N.A. ("Chase") is a national banking association with its main office, as designated in its Articles of Association, in the State of Ohio.

3. Upon information and belief, defendant Synchrony Bank ("Synchrony") is a federal savings association with its main office in the State of Utah.

4. Upon information and belief, defendant Elizabeth Optical, Inc. d/b/a Cohen's Fashion Optical ("Elizabeth Optical") is a corporation organized under the laws of the State of New York, with its principal place of business in the State of New York.

5. Upon information and belief, defendant E & A Optical, Inc. d/b/a Cohen's Fashion Optical ("E &A," together with Elizabeth Optical, the "Cohen Defendants") is a corporation organized under the laws of the State of New York, with its principal place of business in the State of New York.

6. Upon information and belief, defendant Edward Gershovich is a citizen of the State of New York.

7. Upon information and belief, defendant Mariana Gershovich (together with defendant Edward Gershovich, the "Gershovich Defendants") is a citizen of the State of New York.

8. Upon information and belief, defendant Mariana Gershovich is the president of each of the Cohen Defendants.

JURISDICTION AND VENUE

9. Subject matter jurisdiction exists pursuant to 28 U.S.C. § 1335 because the complaint is in the nature of interpleader, Chase has in its custody or possession property of the value or amount of $500 or more, and two or more adverse claimants named as defendants are, upon information and belief, of adverse citizenship.

10. Subject matter jurisdiction also exists pursuant to 28 U.S.C. § 1332(a), because the matter in controversy exceeds $75,000 and is between citizens of different states.

11. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1397 because at least one of the claimants resides in this District.

FACTUAL ALLEGATIONS

12. Upon information and belief, prior to November 2019, Synchrony entered into CareCredit Card Acceptance Agreements for Participating Professionals with the Cohen Defendants (the "Provider Agreements"), pursuant to which the Cohen Defendants were permitted to accept Synchrony's "CareCredit" credit card as a form of payment for healthcare goods and services provided by the Cohen Defendants to Synchrony's cardholders.

13. Upon information and belief, Synchrony made certain payments to the Cohen Defendants under the Provider Agreements by ACH transfers into the Cohen Defendants' accounts at Chase; specifically, a Chase checking account number ending in 0070 in the name of Elizabeth Optical (the "Elizabeth Optical Account") and a Chase checking account number ending in 8760 in the name of E & A (the "E & A Account," together with the Elizabeth Optical Account, the "Cohen Business Accounts").

14. Synchrony contends that the Provider Agreements permitted Synchrony to debit the Cohen Business Accounts for payments due from the Cohen Defendants to

3

Synchrony.

15. Synchrony contends that it discovered evidence that led it to conclude that the Cohen Defendants had engaged in fraudulent transactions involving the CreditCare credit cards between November 2019 and March 2020.

16. Synchrony contends that, as a result of having reached that conclusion, Synchrony terminated the Cohen Defendants' Provider Agreements as of March 31, 2020.

17. Upon information and belief, Synchrony sought to recover the funds it believed it had paid to the Cohen Defendants as a result of the fraudulent transactions, first by initiating ACH debits against the Cohen Bank Accounts.

18. On or about April 24, 2020, Synchrony requested that Chase block access to the funds paid by Synchrony into the Cohen Business Accounts (or any account to which those funds could be traced) and then deliver those funds to Synchrony. Specifically, Synchrony requested the return of $4,693,806.42 from the Elizabeth Optical Account or any account into which the funds could be traced, and the return of $1,601,814.65 from the E & A Account or any account into which the funds could be traced.

19. Upon information and belief, the end of the day balance on April 24, 2020 for both the Elizabeth Optical Account and the E & A Account was zero.

20. Upon information and belief, on or about April 10, 2020, the sum of $4,400,000.00 was transferred from the Elizabeth Optical Account to a Chase checking account number ending in 6278 in the name of the Gershovich Defendants (the "Gershovich Account," together with the Cohen Business Accounts, the "Accounts").

21. Upon information and belief, on or about April 10, 2020, the sum of $1,750,000.00 was transferred from the E & A Account to the Gershovich Account.

22. The Cohen Defendants and Mariana Gershovich have denied that they have any liability to Synchrony on various grounds.

23. The Cohen Defendants and Mariana Gershovich assert that Synchrony lacks any authority to debit the Accounts or request that Chase restrain or return funds from the Accounts.

24. As of May 4, 2020, there was $5,943,906.43 on deposit in the Gershovich Account (the "Funds"). Chase has restrained the Funds in the Gershovich Account pending resolution of the dispute between Synchrony, the Cohen Defendants and the Gershovich Defendants.

25. Chase is ignorant of the respective rights of the Defendants and cannot determine, without hazard to it, to which of the claimants the Funds belong.

26. All of the Accounts were governed by Chase's Deposit Account Agreement (the "DAA"). A copy of the DAA with an effective date of March 15, 2020 is annexed hereto as Exhibit A. Pursuant to the DAA, Chase has broad authority to restrict accounts. In part, the DAA provides that:

> There are many reasons we [i.e., Chase] may decline or prevent transactions to or from your account, but we generally do it to protect you or us, or to comply with legal requirements. We may decline or prevent any or all transactions to or from your account. We may refuse, freeze, or reverse or delay any specific withdrawal, payment or transfer of funds to or from your account, or we may remove funds from your account to hold them pending investigation, including in one or more of the following circumstances:
> . . . .
> - We suspect that you may be the victim of a fraud, scam or financial exploitation, even though you have authorized the transaction(s);
> . . . .
> - We suspect that any transaction may involve illegal activity or may be fraudulent;
> . . . .
> - We reasonably believe that doing so is necessary to avoid a loss or reduce risk to us.

> . . . .
> We will have no liability for any action we take under this section.

Ex. A at IX.B (p. 21).

27. The DAA expressly authorizes an interpleader action in the event of such adverse claims:

> If there are conflicting instructions or there is any dispute regarding your account, we may take any action, including refusing to disburse any funds in the account to any person until all persons claiming an interest consent in writing to a resolution of the dispute; or a court of proper jurisdiction authorizes or directs the payment; or the person with a conflicting claim withdraws his or her claim in writing. We may also place funds in a court (this is called an interpleader action) for resolution. If any person notifies us of a dispute, we do not have to decide if the dispute has merit before we take further action. We may take these actions without any liability and without advance notice, unless the law says otherwise.

Ex. A at IX.G (p. 22).

FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS
(Statutory Interpleader Pursuant to 28 U.S.C. § 1335)

28. Chase repeats and realleges each and every allegation set forth in paragraphs 1 through 27 of this Complaint to the same extent as if those allegations were set forth here in full.

29. As set forth above, Synchrony, the Cohen Defendants and Mariana Gershovich have each claimed a superior right to the Funds.

30. Chase has no claim to the Funds, but is unable to determine, without hazard to itself, which of the defendants is entitled to the Funds, and has no means other than this action of protecting itself against the threat of multiple liability from defendants' claims.

31. In these circumstances Chase is entitled to interplead all parties who may have claims to or rights in the Funds and obtain a determination by the Court, pursuant to 28 U.S.C. §§ 1335 and 2361, of the rights of the defendants and all interested parties with respect thereto; an order discharging it from liability upon its payment of the Funds into the registry of

the Clerk of the Court; and an order restraining and enjoining Synchrony, the Cohen Defendants and the Gershovich Defendants from instituting or prosecuting any proceeding, in any jurisdiction, with respect to the Funds.

SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS
(Interpleader Pursuant to Fed. R. Civ. P. 22)

32. Chase repeats and realleges each and every allegation set forth in paragraphs 1 through 31 of this Complaint to the same extent as if those allegations were set forth here in full.

33. As set forth above, Synchrony, the Cohen Defendants and Mariana Gershovich have each claimed a superior right to the Funds.

34. Chase has no claim to the Funds, but is unable to determine, without hazard to itself, which of the defendants is entitled to the Funds, and has no means other than this action of protecting itself against the threat of multiple liability from defendants' claims.

35. In these circumstances, Chase is entitled to interplead all parties who may have claims to or rights in the Funds, and to obtain a determination by the Court, pursuant to Federal Rule of Civil Procedure 22, of the rights of the Defendants, as well as an order discharging Chase from liability upon its payment of the Funds into the registry of the Clerk of the Court.

WHEREFORE, Chase demands judgment against the Defendants on each of the causes of action asserted herein as follows:

a. Restraining and enjoining the defendants, their agents, attorneys or representatives from instituting or prosecuting further any proceeding in any jurisdiction against Chase on the basis of the Funds or their respective claims thereto;

b. Directing Chase to pay the Funds into the registry of the Clerk of the

7

Court;

        c.        Directing the Clerk of the Court to deposit the Funds in the registry of the Clerk of the Court to be held therein subject to further orders of the Court;

        d.        Fully and finally discharging Chase from any and all further liability with respect to the Funds, and dismissing Chase from this action;

        e.        Resolving the defendants' respective rights to the Funds; and

        f.        Awarding such other or further relief as may be just and proper.

Dated: New York, New York
       May 13, 2020

                BECKER, GLYNN, MUFFLY, CHASSIN
                    & HOSINSKI LLP

                By:   *s/Andrea Likwornik Weiss*
                    Andrea Likwornik Weiss
                    Walter E. Swearingen
299 Park Avenue, 16th Floor
New York, New York 10171
Tel: (212) 888-3033
aweiss@beckerglynn.com
wswearingen@beckerglynn.com

*Attorneys for Plaintiff*
*JPMorgan Chase Bank, N.A.*