**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

JPMORGAN CHASE BANK, N.A.,

                         Plaintiff,

    -against-

SYNCHRONY BANK; ELIZABETH OPTICAL,
INC. D/B/A COHEN'S FASHION OPTICAL;
E & A OPTICAL, INC. D/B/A COHEN'S
FASHION OPTICAL; EDWARD GERSHOVICH;
and MARIANA GERSHOVICH,

                         Defendants.

---

SYNCHRONY BANK,

                         Crossclaim-Plaintiff,

    -against-

ELIZABETH OPTICAL, INC. D/B/A COHEN'S
FASHION OPTICAL; E & A OPTICAL, INC.
D/B/A COHEN'S FASHION OPTICAL; EDWARD
GERSHOVICH; MARIANA GERSHOVICH; and
DANY KOGAN,

                         Crossclaim-Defendants.

---

No.  1:20-cv-02162-RRM-JO


**SYNCHRONY BANK'S ANSWER**
**TO CROSSCLAIM OF THE**
**COHEN'S DEFENDANTS AND**
**GERSHOVICH DEFENDANTS**

Defendant and Crossclaim-Plaintiff Synchrony Bank ("Synchrony") hereby answers the

Crossclaim (the "Cohen's Crossclaim") of Defendants and Crossclaim-Defendants Elizabeth

Optical, Inc. d/b/a Cohen's Fashion Optical, E & A Optical, Inc. d/b/a Cohen's Fashion Optical

(collectively, the "Cohen's Defendants"), Edward Gershovich, and Mariana Gershovich

(together with Edward Gershovich, the "Gershovich Defendants"), as follows:

1.      For the reasons set forth below, Defendants are the rightful and lawful owners of the Funds at issue having earned them from the retail sale of eyeglasses pursuant Synchrony Bank's policy and procedures.

**RESPONSE:      Synchrony states that Paragraph 1 calls for a legal conclusion to which no response is required.  To the extent a response is required, Synchrony denies the allegations contained in Paragraph 1.**

2.      EOI and E&A own Cohen's Fashion Optical franchises (collectively, the "stores").

**RESPONSE:      Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 and, on that basis, denies the allegations contained therein.**

3.      The stores accept CareCredit cards as a form of payment. CareCredit is a credit card issued by Synchrony Bank.

**RESPONSE:      Synchrony states that, prior to November 2019, Synchrony entered into contractual relationships with the Cohen's Defendants pursuant to a CareCredit Card Acceptance Agreement for Participating Professionals (together with any incorporated documents, and as properly amended from time to time, the "Provider Agreement"), and that each such Provider Agreement was terminated effective March 31, 2020. Synchrony admits that CareCredit is a credit card issued by Synchrony. Except as expressly stated, Synchrony denies the remaining allegations contained in Paragraph 3.**

4.      EOI and E&A entered into a provider agreement (the "agreement") with Synchrony Bank governing the use of CareCredit cards and payment therefrom.

**RESPONSE:      Synchrony states that, prior to November 2019, Synchrony entered into contractual relationships with the Cohen's Defendants pursuant to the Provider Agreement, and that each such Provider Agreement was terminated effective March 31, 2020. Synchrony states further that each Provider Agreement speaks for itself and denies any allegations in Paragraph 4 that are inconsistent therewith. Except as expressly stated, Synchrony denies the remaining allegations contained in Paragraph 4.**

5.      Among other things, the agreement provides in section 2(b) that EOI and E&A may process CareCredit transactions in accordance with *inter alia* written instructions from

-2-

Synchrony Bank. If EOI or E&A follows these instructions, then Synchrony Bank is obligated to pay them pursuant to Section 3 of the agreement.

**RESPONSE:** **Synchrony states that each Provider Agreement speaks for itself and denies any allegations in Paragraph 5 that are inconsistent therewith. Except as expressly stated, Synchrony denies the remaining allegations contained in Paragraph 5.**

6.      According to section 6 of the agreement, if a customer disputes a CareCredit transaction, Synchrony Bank may issue a chargeback to EOI or E&A. At which point, EOI and E&A may dispute the chargeback. Thereafter, Synchrony Bank will revisit the chargeback and either sustain or reverse it based upon the backup submitted by EOI or E&A pursuant to the bank's policies.

**RESPONSE:** **Synchrony states that each Provider Agreement speaks for itself and denies any allegations in Paragraph 6 that are inconsistent therewith. Except as expressly stated, Synchrony denies the remaining allegations contained in Paragraph 6.**

7.      Synchrony Bank issued written instructions to vendors like EOI and E&A entitled "ID Requirements to Help Avoid Chargebacks." Among other things, the instructions recommend that: (a) vendors see two forms of identification when a customer is applying for the CareCredit card on-site; (b) when a customer already has a CareCredit card and presents it on-site, the card itself serves as identification and additional identification does not need to be notated; (c) if the customer has the card but it cannot be swiped, then the vendor should check a form of primary identification from an approved list (such as a driver's license), verify that the name on the identification matches the name on the card, and capture the identification information on the bottom of the receipt; and (d) if the customer does not have the CareCredit card with him or her, then the vendor should call CareCredit Provider Services and verify the names on the account and the available credit. Any chargeback should be reversed if the vendor complies with these policies.

**RESPONSE:**    **Synchrony states that the referenced document speaks for itself and denies any allegations in Paragraph 7 that are inconsistent therewith. Except as expressly stated, Synchrony denies the remaining allegations contained in Paragraph 7.**

8.    Many Cohen's Fashion Optical franchisees having nothing to do with the defendants herein received and disputed several chargebacks from Synchrony Bank in 2019 that alleged fraud. They claimed, like the defendants herein, that these chargebacks were unwarranted and in violation of their agreements with Synchrony Bank. As a result, on December 4, 2019, in response to a text from a Cohen's Fashion Optical franchisee confirming that it should continue processing CareCredit transactions under the same protocols in light of a continued uptick in chargebacks, Nicholas Pollicino, an Assistant Vice President for National Accounts at Synchrony Bank in charge of the Cohen's Fashion Optical account, wrote "I believe continuing as you have been is the best course of action. You will win the disputes." Later that month, Pollicino emailed EOI and E&A the following message, in pertinent part:

> As the national account partner to Cohens, I am responsible for ensuring that our partnership is sound. I understand that you and your team are concerned regarding CareCredit transactions, as it may pertain to fraud and chargebacks. Earlier this year, I promised you that I would address this concern and ensure that we change the way that we manage disputes and fraud cases for Cohens Fashion Optical. Over the course of the past 6 months I have done exactly that. Since our last discussion this spring, CareCredit has put in place a new Credit & Risk leader who shares our vision of supporting your retail based environment. I have also been working very closely with the fraud team to develop a program that we will be rolling out early 2020 to stop fraud from occurring on the back end. Here are some of the major changes that you should be aware of today:
>
> • As part of the Cohens relationship**, CareCredt will no longer shut down a merchant ID / location due to high fraud.** It is not your fault that a fraudulent transaction might occur. This is something that needs to be addressed on CareCredit's end to prevent fraudsters from being able to access credit at your locations [Footnote 1: It was publicly known at this time that Synchrony Bank suffered serious data breaches and self-reported same to several governmental agencies in 2018-2019.]
>
> • As long as you follow correct ID verification protocol during the apply and transact processes, **you will not be charged back** for a fraudulent transaction

- **We have removed the dispute limit from Cohens** that we have had in the past. Cohens locations win ≈80% of their disputes, which means that you are consistently following our protocol for follow up when a case is disputed … As long as you continue to win your disputes, you are off our radar. High chargebacks will still be monitored, but your team has done a great job in keeping those low. (Emphases in original)

  Sean Galway has been working closely with your teams to ensure that they are up to speed on these changes. **Please rest assured, we will not shut down a location due to fraud. We will not charge back if you respond to notifications and have ID verified. These are changes that have been ok'd by CareCredit's senior leadership.** We value your partnership and want you to feel confident in CareCredit and that we listen to your feedback. (Emphasis added)

**RESPONSE:**  **Synchrony denies that Nicholas Pollicino emailed the Cohen's Defendants the message contained in Paragraph 8.  Except as expressly stated, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 8 and, on that basis, denies the remaining allegations contained therein.**

9.      On December 16, 2019, Sean Galway (Synchrony Bank's Practice Development Manager LI/NYC) forwarded Pollicino's email to Carmen Luna (Cohen's Fashion Optical Regional Manager) and wrote "Relax your mind [smile emoji]."

**RESPONSE:**  **Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 and, on that basis, denies the allegations contained therein.**

10.      On February 27, 2020, Luna spoke with Galway. Galway informed her that franchisees may continue accepting CareCredit and they won't be liable for any fraudulent transactions.

**RESPONSE:**  **Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 and, on that basis, denies the allegations contained therein.**

11.      Luna requested that Galway confirm same in writing. Galway agreed and resent Pollicino's email the following day on February 28, 2020.

**RESPONSE:**  **Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 and, on that basis, denies the allegations contained therein.**

12. During this timeframe (November 2019-March 2020), Synchrony Bank issued chargebacks to EOI and E&A claiming that millions of dollars of CareCredit transactions were fraudulent. EOI and E&A disputed these chargebacks and submitted proof that they followed the proper policies and procedures set by Synchrony Bank. Synchrony Bank agreed and ultimately reversed and closed out the chargebacks at issue returning the money to EOI and E&A. EOI and E&A had these Funds credited to their Chase Bank business accounts and later transferred these Funds into the personal accounts belonging to Edward and Mariana at Chase Bank.

**RESPONSE:** **Synchrony admits that it properly issued chargebacks to the Cohen's Defendants in connection with fraudulent transactions for which the Cohen's Defendants are liable to Synchrony. Synchrony states further that, upon information and belief, the Cohen's Defendants and/or Gershovich Defendants improperly transferred funds at issue in this interpleader action, funds as to which Synchrony has the superior claim. Except as expressly stated, Synchrony denies the remaining allegations contained in Paragraph 12.**

13. Notwithstanding the above, Synchrony Bank later terminated its agreements with EOI, E&A, and other Cohen's Fashion Optical franchisees as of March 31, 2020.

**RESPONSE:** **Synchrony states that, effective March 31, 2020, it properly terminated each and every Provider Agreement with the Cohen's Defendants and certain other merchants affiliated with Cohen's Fashion Optical. Except as expressly stated, Synchrony denies the remaining allegations contained in Paragraph 13.**

14. Moreover, on or around April 27, 2020, Synchrony Bank caused Chase Bank to freeze the Funds in EOI, E&A, Edward, and Mariana's bank accounts in the sum of nearly $6,000,000 claiming that the Funds were the result of fraudulent activity even though Synchrony Bank reached the opposite conclusion just weeks earlier.

**RESPONSE:** **Synchrony states that in or about April 2020, Synchrony requested that interpleader plaintiff Chase restrain and return to Synchrony funds from certain bank accounts at Chase that had been initiated by ACH transfers from Synchrony's bank account and which related to fraudulent transactions processed on CareCredit credit cards through the Cohen's**

**Defendants.  Except as expressly stated, Synchrony denies the remaining allegations contained in Paragraph 14.**

15.     Counsel for EOI, E&A, Edward, Mariana, and other affected parties wrote Chase Bank on April 28, 2020. Counsel explained *inter alia* that Synchrony Bank agreed that franchisees would not be responsible for chargebacks so long as they complied with CareCredit protocols and provided records substantiating same and that the chargebacks at issue have been resolved and closed by Synchrony Bank several weeks earlier.

**RESPONSE:**     **Synchrony states that to the extent that Paragraph 15 contains allegations not directed toward Synchrony, no response is required.  To the extent a response is required, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 and, on that basis, denies the allegations contained therein.**

16.     Despite all of the documentary evidence supporting the franchisees' argument, Chase Bank did not want to get involved or otherwise support its account holders and filed the within interpleader action on May 13, 2020.

**RESPONSE:**     **Synchrony states that to the extent that Paragraph 16 contains allegations not directed toward Synchrony, no response is required.  To the extent a response is required, Synchrony admits that Chase filed this interpleader action on May 13, 2020.  Except as expressly stated, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 16 and, on that basis, denies the remaining allegations contained therein.**

<u>AS AND FOR A FIRST CROSSCLAIM AGAINST SYNCHRONY BANK
(DECLARATORY JUDGMENT)</u>

17.     Defendants herein repeat and reallege each and every allegation set forth above to the same extent as if those allegations were set forth in full herein.

**RESPONSE:**     **Synchrony incorporates each of its responses to Paragraphs 1 through 16 above, as if fully set forth herein.**

18.     EOI and E&A sold eyeglasses to their customers and accepted CareCredit as payment pursuant to their agreements with Synchrony Bank.

**RESPONSE:**      **To the extent that the allegations in Paragraph 18 are non-specific as to time, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 and, on that basis, denies the allegations contained therein.  Synchrony states further that the Cohen's Defendants breached their contractual obligations to Synchrony and denies any allegations in Paragraph 18 that are inconsistent therewith.  Except as expressly stated, Synchrony denies the remaining allegations contained in Paragraph 18.**

19.      Pursuant to these agreements, Synchrony Bank would pay EOI and E&A on all CareCredit card transactions so long as they followed Synchrony Bank's identification and security protocols.

**RESPONSE:**      **Synchrony states that each Provider Agreement speaks for itself and denies any allegations in Paragraph 19 that are inconsistent therewith. Synchrony states further that the Cohen's Defendants breached their contractual obligations to Synchrony and denies any allegations in Paragraph 19 that are inconsistent therewith.  Except as expressly stated, Synchrony denies the remaining allegations contained in Paragraph 19.**

20.      The agreements permitted Synchrony Bank to issue chargebacks against EOI and E&A for all CareCredit card transactions that appeared fraudulent. EOI and E&A would dispute these chargeback and submit proof that they followed Synchrony Bank's identification and security protocols. At which time, the chargebacks would be reversed and Synchrony Bank would pay EOI and E&A pursuant to the agreements.

**RESPONSE:**      **Synchrony states that each Provider Agreement speaks for itself and denies any allegations in Paragraph 20 that are inconsistent therewith. Synchrony states further that the Cohen's Defendants breached their contractual obligations to Synchrony and denies any allegations in Paragraph 20 that are inconsistent therewith.  Except as expressly stated, Synchrony denies the remaining allegations contained in Paragraph 20.**

21.      At all relevant times, EOI and E&A fully performed under the agreements and followed Synchrony Bank's identification and security protocols including *inter alia* those found in Synchrony Bank's literature entitled "ID Requirements to Help Avoid Chargebacks."

**RESPONSE:**       **Synchrony denies the allegations contained in Paragraph 21.**

22.     Synchrony Bank issued several million dollars in chargebacks to EOI and E&A alleging fraud from November 2019 through March 2020. EOI and E&A disputed these chargebacks and proved to Synchrony Back by providing indisputable documentary evidence that they followed Synchrony Bank's identification and security protocols at all times. As a result, Synchrony Bank reversed all of the chargebacks marking them as "closed" and "no further action required" and deposited all of the Funds into EOI and E&A's business accounts at Chase Bank.

**RESPONSE:**       **Synchrony admits that it properly issued chargebacks to the Cohen's Defendants in connection with fraudulent transactions for which the Cohen's Defendants are liable to Synchrony.  Synchrony states further that it has the superior claim to the interpleaded funds at issue in this action.  Except as expressly stated, Synchrony denies the remaining allegations contained in Paragraph 22.**

23.     During this time frame, Pollicino, the AVP at Synchrony Bank responsible for the Cohen's Fashion Optical account, emailed EOI and E&A confirming Synchrony Bank's policy:

- As long as you follow correct ID verification protocol during the apply and transact processes, you will not be charged back for a fraudulent transaction.

- Cohens locations win ≈80% of their disputes, which means that you are consistently following our protocol for follow up when a case is disputed … As long as you continue to win your disputes, you are off our radar. High chargebacks will still be monitored, but your team has done a great job in keeping those low.

- We will not charge back if you respond to notifications and have ID verified.

- These are changes that have been ok'd by CareCredit's senior leadership.

**RESPONSE:**       **Synchrony admits that during the relevant time period Nicholas Pollicino was an AVP at Synchrony assigned to the Cohen's Fashion Optical national account but denies that Mr. Pollicino emailed the Cohen's Defendants.  Except as expressly stated, Synchrony denies the remaining allegations contained in Paragraph 23.**

24.     These policies were later reconfirmed by Galway, Synchrony Bank's Practice

Development Manager for the Long Island and New York City region.

**RESPONSE:**          **Synchrony admits that during the relevant time period Sean Galway was a Practice Development Manager for Synchrony assigned to the Long Island and New York City area.  Except as expressly stated, Synchrony denies the remaining allegations contained in Paragraph 24.**

25.     EOI and E&A later transferred the Funds to the personal accounts belonging to

Edward and Mariana at Chase Bank.

**RESPONSE:**          **Synchrony states that to the extent that Paragraph 25 contains allegations not directed toward Synchrony, no response is required.  To the extent a response is required, Synchrony states that, upon information and belief, the Cohen's Defendants and/or Gershovich Defendants improperly transferred funds at issue in this interpleader action, funds as to which Synchrony has the superior claim.  Except as expressly stated, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 25 and, on that basis, denies the remaining allegations contained therein.**

26.     Notwithstanding that EOI and E&A followed Synchrony Bank's identification

and security protocols, or that they won all of the disputed chargebacks with Synchrony Bank, or

that Pollicino or Galway confirmed and then reconfirmed all of this, Synchrony Bank engaged in

activity to freeze the Funds that were deposited into EOI and E&A's business accounts and later

transferred into Edward and Mariana's personal accounts.

**RESPONSE:**          **Synchrony states that it made proper attempts to recover funds from certain bank accounts at Chase that had been initiated by ACH transfers from Synchrony's bank account and which related to fraudulent transactions processed on CareCredit credit cards through the Cohen's Defendants.  Except as expressly stated, Synchrony denies the remaining allegations contained in Paragraph 26.**

27.     Upon information and belief, Synchrony Bank contacted Chase Bank claiming

that EOI and E&A were engaged in fraudulent activity and that the Funds should be frozen

regardless of which accounts the Funds were now located in. Synchrony Bank asserted these

claims when just weeks earlier it released the money to EOI and E&A finding that they complied

with the identification and security protocols.

**RESPONSE:** **Synchrony states that it made proper attempts to recover funds from certain bank accounts at Chase that had been initiated by ACH transfers from Synchrony's bank account and which related to fraudulent transactions processed on CareCredit credit cards through the Cohen's Defendants.  Except as expressly stated, Synchrony denies the remaining allegations contained in Paragraph 27.**

28.     In direct response to Synchrony Bank's false claims, Chase Bank froze the Funds

in EOI, E&A, Edward, and Mariana's accounts on or around April 27, 2020. They no longer

have access to the Funds in these accounts and were harmed thereby.

**RESPONSE:** **Synchrony states that to the extent that Paragraph 28 contains allegations not directed toward Synchrony, no response is required.  To the extent a response is required, Synchrony states that it has the superior claim to the interpleaded funds at issue in this action and that none of the Cohen's Defendants or Gershovich Defendants have been harmed or damaged in any way by any conduct, actions or inactions of Synchrony or anyone acting on its behalf.  Except as expressly stated, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 28 and, on that basis, denies the remaining allegations contained therein.**

29.     Counsel for EOI, E&A, Edward, Mariana, and other affected parties wrote Chase

Bank on April 28, 2020 in an effort to unfreeze the accounts. Chase Bank refused to do so and

filed the within interpleader action on May 13, 2020.

**RESPONSE:** **Synchrony states that to the extent that Paragraph 29 contains allegations not directed toward Synchrony, no response is required.  To the extent a response is required, Synchrony admits that Chase filed this interpleader action on May 13, 2020.  Except as expressly stated, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 29 and, on that basis, denies the remaining allegations contained therein.**

30.     There is an actual case and controversy with respect to the Funds at issue.

**RESPONSE:** **Synchrony states that Paragraph 30 calls for a legal conclusion to which no response is required.  To the extent a response is required, Synchrony states that it has the superior claim to the interpleaded funds at issue in**

> this action, denies each and every claim and cause of action alleged in the
> Cohen's Crossclaim, and denies that the Cohen's Defendants or
> Gershovich Defendants have been harmed or damaged in any way by any
> conduct, actions or inactions of Synchrony or anyone acting on its behalf.
> Except as expressly stated, Synchrony denies the remaining allegations
> contained in Paragraph 30.

31.     Based on the above, EOI, E&A, Edward, and Mariana seek a declaration that they

are the sole, exclusive, and rightful owners of the Funds at issue and Synchrony Bank has no

claim thereto.

**RESPONSE:**     **Synchrony states that it has the superior claim to the interpleaded funds
at issue in this action, denies each and every claim and cause of action
alleged in the Cohen's Crossclaim, and denies that the Cohen's
Defendants or Gershovich Defendants have been harmed or damaged in
any way by any conduct, actions or inactions of Synchrony or anyone
acting on its behalf.  Except as expressly stated, Synchrony denies the
remaining allegations contained in Paragraph 31.**

32.     There currently exists a substantial controversy between the parties hereto having

adverse legal interests to the Funds, of sufficient immediacy and reality to warrant the issuance

of a declaratory judgment.

**RESPONSE:**     **Synchrony states that Paragraph 32 calls for a legal conclusion to which
no response is required.  To the extent a response is required, Synchrony
states that it has the superior claim to the interpleaded funds at issue in
this action, denies each and every claim and cause of action alleged in the
Cohen's Crossclaim, and denies that the Cohen's Defendants or
Gershovich Defendants have been harmed or damaged in any way by any
conduct, actions or inactions of Synchrony or anyone acting on its behalf.
Except as expressly stated, Synchrony denies the remaining allegations
contained in Paragraph 32.**

33.     EOI, E&A, Edward, and Mariana have no adequate remedy at law.

**RESPONSE:**     **Synchrony states that Paragraph 33 calls for a legal conclusion to which
no response is required.  To the extent a response is required, Synchrony
states that it has the superior claim to the interpleaded funds at issue in
this action, denies each and every claim and cause of action alleged in the
Cohen's Crossclaim, and denies that the Cohen's Defendants or
Gershovich Defendants have been harmed or damaged in any way by any
conduct, actions or inactions of Synchrony or anyone acting on its behalf.**

**Except as expressly stated, Synchrony denies the remaining allegations contained in Paragraph 33.**

<u>AS AND FOR A SECOND CROSSCLAIM AGAINST SYNCHRONY BANK<br>(BREACH OF CONTRACTS)</u>

34.     Defendants herein repeat and reallege each and every allegation set forth above to the same extent as if those allegations were set forth in full herein.

**<u>RESPONSE:</u>     Synchrony incorporates each of its responses in Paragraphs 1 through 33 above, as if fully set forth herein.**

35.     The agreement governs the relationship between Synchrony Bank and EOI/E&A.

**<u>RESPONSE:</u>     Synchrony states that each Provider Agreement speaks for itself and denies any allegations in Paragraph 35 that are inconsistent therewith. Except as expressly stated, Synchrony denies the remaining allegations contained in Paragraph 35.**

36.     Among other things, the agreement provides in section 2(b) that EOI and E&A may process CareCredit transactions in accordance with *inter alia* written instructions from Synchrony Bank.

**<u>RESPONSE:</u>     Synchrony states that each Provider Agreement speaks for itself and denies any allegations in Paragraph 36 that are inconsistent therewith. Except as expressly stated, Synchrony denies the remaining allegations contained in Paragraph 36.**

37.     If EOI or E&A follow these instructions, Synchrony Bank is obligated to pay them pursuant to Section 3 of the agreement.

**<u>RESPONSE:</u>     Synchrony states that each Provider Agreement speaks for itself and denies any allegations in Paragraph 37 that are inconsistent therewith. Except as expressly stated, Synchrony denies the remaining allegations contained in Paragraph 37.**

38.     According to section 6 of the agreement, if a customer disputes a CareCredit transaction, Synchrony Bank may issue a chargeback to EOI or E&A. At which point, EOI and E&A may dispute the chargeback. Thereafter, Synchrony Bank will revisit the chargeback and either sustain or reverse it based upon the backup submitted by EOI or E&A.

**RESPONSE:**        **Synchrony states that each Provider Agreement speaks for itself and denies any allegations in Paragraph 38 that are inconsistent therewith. Except as expressly stated, Synchrony denies the remaining allegations contained in Paragraph 38.**

39.    Synchrony Bank issued written instructions to vendors like EOI and E&A entitled "ID Requirements to Help Avoid Chargebacks." If vendors followed these instructions, any chargeback would be reversed.

**RESPONSE:**        **Synchrony states that the referenced document speaks for itself and denies any allegations in Paragraph 39 that are inconsistent therewith. Except as expressly stated, Synchrony denies the remaining allegations contained in Paragraph 39.**

40.    Certain customers disputed charges on their CareCredit cards in 2019 alleging that charges incurred at EOI and E&A stores were fraudulent. The risk of loss related to these charges was an issue between Synchrony Bank and EOI/E&A. In or around December 2019, Nicholas Pollicino, an Assistant Vice President for National Accounts at Synchrony Bank in charge of the Cohen's Fashion Optical account, clarified who bears the risk of loss related to fraudulent charges as follows, in pertinent part:

- It is not your fault that a fraudulent transaction might occur. This is something that needs to be addressed on CareCredit's end to prevent fraudsters from being able to access credit at your locations

- As long as you follow correct ID verification protocol during the apply and transact processes, **you will not be charged back** for a fraudulent transaction (emphases in original)

- **We will not charge back if you respond to notifications and have ID verified. These are changes that have been ok'd by CareCredit's senior leadership.** (Emphasis added)

**RESPONSE:**        **Synchrony admits that many CareCredit cardmembers disputed fraudulent charges on their CareCredit credit cards that were processed through the Cohen's Defendants in 2019, charges for which the Cohen's Defendants are liable to Synchrony.  Except as expressly stated, Synchrony denies the remaining allegations contained in Paragraph 40.**

41.     Sean Galway (Synchrony Bank's Practice Development Manager LI/NYC) later confirmed this policy to EOI/E&A both orally and in writing.

**RESPONSE:**     **Synchrony denies the allegations contained in Paragraph 41.**

42.     During this timeframe (November 2019-March 2020), Synchrony Bank issued chargebacks to EOI and E&A claiming that millions of dollars of CareCredit transactions were fraudulent. EOI and E&A disputed these chargebacks, submitted proof that they followed the proper policies and procedures set by Synchrony Bank, and Synchrony Bank agreed and ultimately reversed and closed out the chargebacks at issue returning the money to EOI and E&A.

**RESPONSE:**     **Synchrony admits that it properly issued chargebacks to the Cohen's Defendants in connection with fraudulent transactions for which the Cohen's Defendants are liable to Synchrony.  Except as expressly stated, Synchrony denies the remaining allegations contained in Paragraph 42.**

43.     Notwithstanding the above and marking the reversal of chargebacks as "closed" and "no further action required," Synchrony Bank in violation of the agreement and its policies reissued the chargebacks and caused Chase Bank to freeze these Funds in EOI, E&A, Edward, and Mariana's bank accounts in the sum of nearly $6,000,000 claiming that the Funds were the result of fraudulent activity even though Synchrony Bank reached the opposite conclusion just weeks earlier.

**RESPONSE:**     **Synchrony admits that it properly issued chargebacks to the Cohen's Defendants in connection with fraudulent transactions for which the Cohen's Defendants are liable to Synchrony.  Synchrony states further that in or about April 2020, Synchrony requested that interpleader plaintiff Chase restrain and return to Synchrony funds from certain bank accounts at Chase that had been initiated by ACH transfers from Synchrony's bank account and which related to fraudulent transactions processed on CareCredit credit cards through the Cohen's Defendants. Except as expressly stated, Synchrony denies the remaining allegations contained in Paragraph 43.**

44.     EOI and E&A fully performed under the agreements and in accordance with Synchrony Banks' policies and procedures.

**RESPONSE:**     **Synchrony denies the allegations contained in Paragraph 44.**

45.     Synchrony Bank breached its agreements with EOI and E&A by re-issuing the Chargebacks and then causing the Funds at issue to be frozen when EOI and E&A followed the bank's ID verification protocol and responded to notifications and ID requirements.

**RESPONSE:**     **Synchrony denies the allegations contained in Paragraph 45.**

46.     As a result of said breaches, the Defendants herein have been damaged in the sum of the funds interpleaded in this action.

**RESPONSE:**     **Synchrony states that it has the superior claim to the interpleaded funds at issue in this action, denies each and every claim and cause of action alleged in the Cohen's Crossclaim, and denies that the Cohen's Defendants or Gershovich Defendants have been harmed or damaged in any way by any conduct, actions or inactions of Synchrony or anyone acting on its behalf.  Except as expressly stated, Synchrony denies the remaining allegations contained in Paragraph 46.**

<u>AS AND FOR A THIRD CROSSCLAIM AGAINST SYNCHRONY BANK
(INDEMNIFICATION)</u>

47.     Defendants herein repeat and reallege each and every allegation set forth above to the same extent as if those allegations were set forth in full herein.

**RESPONSE:**     **Synchrony incorporates each of its responses in Paragraphs 1 through 46 above, as if fully set forth herein.**

48.     The agreements at Section 13(b) among and between EOI and E&A, on the one hand, and Synchrony Bank, on the other, provides that Synchrony Bank will indemnify EOI/E&A for all damages including *inter alia* attorneys' fees arising from its breach of the agreements.

**RESPONSE:**     **Synchrony states that each Provider Agreement speaks for itself and denies any allegations in Paragraph 48 that are inconsistent therewith.**

**Except as expressly stated, Synchrony denies the remaining allegations contained in Paragraph 48.**

49.     Synchrony Bank breached the agreements as set forth above and by causing Chase Bank to freeze the funds belonging to the Defendants herein and having them expend attorneys' fees to reclaim said funds in this action.

**RESPONSE:**     **Synchrony states that it has the superior claim to the interpleaded funds at issue in this action, denies each and every claim and cause of action alleged in the Cohen's Crossclaim, and denies that the Cohen's Defendants or Gershovich Defendants have been harmed or damaged in any way by any conduct, actions or inactions of Synchrony or anyone acting on its behalf.  Except as expressly stated, Synchrony denies the remaining allegations contained in Paragraph 49.**

50.     Synchrony Bank's actions and breach of the agreements trigger its contractual duty to indemnify the defendants herein for, among other things, loss of interest and use of the funds and attorneys' fees.

**RESPONSE:**     **Synchrony states that it has the superior claim to the interpleaded funds at issue in this action, denies each and every claim and cause of action alleged in the Cohen's Crossclaim, and denies that the Cohen's Defendants or Gershovich Defendants have been harmed or damaged in any way by any conduct, actions or inactions of Synchrony or anyone acting on its behalf.  Except as expressly stated, Synchrony denies the remaining allegations contained in Paragraph 50.**

51.     Accordingly, the defendants herein are entitled to indemnification from Synchrony Bank with respect to all damages arising out of Synchrony Bank's breach of the agreements including without limitation attorneys' fees, costs, disbursements, and interest.

**RESPONSE:**     **Synchrony states that it has the superior claim to the interpleaded funds at issue in this action, denies each and every claim and cause of action alleged in the Cohen's Crossclaim, and denies that the Cohen's Defendants or Gershovich Defendants have been harmed or damaged in any way by any conduct, actions or inactions of Synchrony or anyone acting on its behalf.  Except as expressly stated, Synchrony denies the remaining allegations contained in Paragraph 51.**

<u>AS AND FOR A FOURTH CROSSCLAIM AGAINST SYNCHRONY BANK</u>
<u>(PROMISSORY ESTOPPEL/DETRIMENTAL RELIANCE)</u>

52.     Defendants herein repeat and reallege each and every allegation set forth above to

the same extent as if those allegations were set forth in full herein.

**<u>RESPONSE:</u>      Synchrony incorporates each of its responses in Paragraphs 1 through 51**
**above, as if fully set forth herein.**

53.     Synchrony Bank made clear and unambiguous written promises to EOI and E&A.

Those promises included, among others:

- As long as defendants follow correct ID verification protocol during the apply and
transact processes, they will not be charged back for a fraudulent transaction.

- Defendants are consistently following the protocol for disputed cases.

- Chargebacks at issue reversed, "closed," and "no further action required."

- Defendants will not get charged back if they respond to notifications and have ID
verified.

- It is not defendant's fault that a fraudulent transaction might occur. This is
something that needs to be addressed on CareCredit's end to prevent fraudsters
from being able to access credit at defendant's locations.

- Defendants should continue business as usual and will win the disputes.

- These promises have been "ok'd" by CareCredit's senior leadership.

**<u>RESPONSE:</u>      Synchrony denies the allegations contained in Paragraph 53.**

54.     Two senior officials at Synchrony Bank confirmed these promises in writing.

**<u>RESPONSE:</u>      Synchrony denies the allegations contained in Paragraph 54.**

55.     EOI and E&A followed Synchrony Bank's identification and security protocols

and won all of the disputed chargebacks with Synchrony Bank.

**<u>RESPONSE:</u>      Synchrony denies the allegations contained in Paragraph 55.**

56.     EOI and E&A reasonably and foreseeably relied on Synchrony Bank's promises

that if they followed correct ID verification protocol during the apply and transact processes,

-18-

then they will not be charged back for fraudulent transactions; that since they followed

Synchrony Bank's protocols for disputed cases, the chargebacks at issue were reversed, "closed,"

and "no further action [was] required"; that if they followed the literature on how to avoid

chargebacks (which they did); they will not be charged back; that it is not defendants' fault that

fraudulent transactions might occur and this is something that needs to be addressed on

CareCredit's end to prevent fraud; and finally, that defendants should continue as is because that

is "the best course of action" and they "will win the disputes."

**RESPONSE:**       **Synchrony denies the allegations contained in Paragraph 56.**

57.     As a result, EOI and E&A continued to buy and sell merchandise and win

chargebacks relying on Synchrony Bank's promises.

**RESPONSE:**       **Synchrony denies the allegations contained in Paragraph 57.**

58.     EOI and E&A sustained unconscionable injury in reliance on Synchrony Bank's

written promises. Synchrony Bank, after investigating the matter, reversed the chargebacks at

issue in accordance with its promises; but then weeks later, reversed course and sought to freeze

said funds in violation of its previous written promises.

**RESPONSE:**       **Synchrony states that it has the superior claim to the interpleaded funds**
**at issue in this action, denies each and every claim and cause of action**
**alleged in the Cohen's Crossclaim, and denies that the Cohen's**
**Defendants or Gershovich Defendants have been harmed or damaged in**
**any way by any conduct, actions or inactions of Synchrony or anyone**
**acting on its behalf.  Except as expressly stated, Synchrony denies the**
**remaining allegations contained in Paragraph 58.**

<u>RESERVATION OF RIGHTS</u>

Defendants herein reserve the right to amend or further plead any other defenses and

crossclaims applicable to any and all counts after a reasonable opportunity for discovery.

**RESPONSE:**       **Synchrony reserves the right to challenge any amendment or additional**
**pleadings of any of the Cohen's Defendants or Gershovich Defendants.**

-19-

WHEREFORE, the Defendants herein pray for judgment as follows:

1.      That the Court enter a judgment (a) dismissing the Complaint and Crossclaims against Crossclaim-Defendants in their entirety and with prejudice and (b) in favor of the Crossclaim-Defendants herein and against Plaintiff and Crossclaim-Plaintiff, awarding Crossclaim-Defendants herein the interpleaded funds and their costs, disbursements, interest, and reasonable attorneys' fees and expenses incurred in connection with this action;

2.      That a declaratory judgment be issued (a) declaring that the Defendants herein are the sole, exclusive, and rightful owners of the funds at issue and Synchrony Bank has no claim thereto, (b) that the Clerk of the Court be directed to pay the interpleaded funds deposited into the Court to the Defendants herein, and (c) awarding the Defendants herein their costs, disbursements, interest, and reasonable attorneys' fees and expenses incurred in connection with this action;

3.      That a money judgment be issued (a) in the sum of the interpleaded funds in favor of the Defendants herein and against Synchrony Bank, (b) directing that the Clerk of the Court to pay the interpleaded funds deposited into the Court to the Defendants herein, and (c) awarding the Defendants herein their costs, disbursements, interest, and reasonable attorneys' fees and expenses incurred in connection with this action; and

4.      That Defendants herein be awarded such other and further relief as the Court may deem just and proper.

**RESPONSE:**      **Synchrony states that it has the superior claim to the interpleaded funds at issue in this action, denies each and every claim and cause of action alleged in the Cohen's Crossclaim, denies that the Cohen's Defendants or Gershovich Defendants have been harmed or damaged in any way by any conduct, actions or inactions of Synchrony or anyone acting on its behalf, and denies that the Cohen's Defendants or Gershovich Defendants are entitled to any relief in this action whatsoever.**

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof where it otherwise lies with the Cohen's Defendants and/or the Gershovich Defendants, Synchrony alleges the following affirmative defenses:

## FIRST AFFIRMATIVE DEFENSE
### Failure to State a Claim

The Cohen's Crossclaim, and each claim and purported cause of action alleged therein, fails to set forth facts sufficient to state a claim against Synchrony.

## SECOND AFFIRMATIVE DEFENSE
### Lack of Standing

The Cohen's Crossclaim, and each claim and purported cause of action alleged therein, is barred, in whole or in part, because the Gershovich Defendants lack standing to pursue the alleged claims against Synchrony.  Specifically, and without limitation, neither Edward Gershovich nor Mariana Gershovich is a party to any Provider Agreement and therefore neither of the Gershovich Defendants may purport to assert claims on behalf of the Cohen's Defendants.

## THIRD AFFIRMATIVE DEFENSE
### No Injury

Subject to further factual development, including discovery, Synchrony is informed and believes, and on that basis alleges, that the Cohen's Crossclaim, and each claim and purported cause of action alleged therein, is barred, in whole or in part, because the Cohen's Defendants and/or Gershovich Defendants suffered no injury as a result of any act by Synchrony.

## FOURTH AFFIRMATIVE DEFENSE
### Failure to Mitigate

The Cohen's Crossclaim, and each claim and purported cause of action alleged therein, is barred, in whole or in part, because as to any damages sustained by the Cohen's Defendants

and/or Gershovich Defendants as a result of the matters alleged in the Cohen's Crossclaim, which damages Synchrony denies, the Cohen's Defendants and/or Gershovich Defendants failed to mitigate those damages.

### FIFTH AFFIRMATIVE DEFENSE
**Independent/Intervening Conduct**

The Cohen's Crossclaim, and each claim and purported cause of action alleged therein, is barred, in whole or in part, because any damages sustained by the Cohen's Defendants and/or the Gershovich Defendants, which damages Synchrony denies, were the direct and proximate result of the independent, intervening, negligent and/or unlawful conduct of independent third parties or their agents, which were beyond the control of Synchrony.

### SIXTH AFFIRMATIVE DEFENSE
**Laches**

The Cohen's Crossclaim, and each claim and purported cause of action alleged therein, is barred, in whole or in part, by the doctrine of laches.

### SEVENTH AFFIRMATIVE DEFENSE
**Waiver**

The Cohen's Crossclaim, and each claim and purported cause of action alleged therein, is barred, in whole or in part, by the conduct, actions or inactions of the Cohen's Defendants and/or Gershovich Defendants, which amount to and constitute a waiver of any right or rights that the Cohen's Defendants and/or Gershovich Defendants may or might have in relation to the matters alleged in the Cohen's Crossclaim.

## EIGHTH AFFIRMATIVE DEFENSE

### Estoppel

The Cohen's Crossclaim, and each claim and purported cause of action alleged therein, is barred, in whole or in part, by the conduct, actions or inactions of the Cohen's Defendants and/or Gershovich Defendants, which amount to and constitute an estoppel of the claims and any relief sought thereby.

## NINTH AFFIRMATIVE DEFENSE

### Consent

The Cohen's Crossclaim, and each claim and purported cause of action alleged therein, is barred, in whole or in part, because the Cohen's Defendants and/or Gershovich Defendants consented to and approved all of the acts and omissions of which the Cohen's Defendants and/or Gershovich Defendants now complain.

## TENTH AFFIRMATIVE DEFENSE

### Setoff

The Cohen's Crossclaim, and each claim and purported cause of action alleged therein, is subject to setoff and/or recoupment by reason of amounts owed to Synchrony by the Cohen's Defendants and/or Gershovich Defendants based on Synchrony's chargeback, indemnification, and/or other contractual, equitable and/or other rights under the law.

## ELEVENTH AFFIRMATIVE DEFENSE

### Unclean Hands

The Cohen's Crossclaim, and each claim and purported cause of action alleged therein, is barred, in whole or in part, by the conduct, actions or inactions of the Cohen's Defendants and/or Gershovich Defendants under the doctrine of unclean hands.

## TWELFTH AFFIRMATIVE DEFENSE

### Breach of Contract

The Cohen's Crossclaim, and each claim and purported cause of action alleged therein, is barred, in whole or in part, by the conduct, actions or inactions of the Cohen's Defendants and/or Gershovich Defendants, which amount to and constitute a failure to comply with their obligations under applicable agreements, including the Provider Agreement, and breaches thereof.

## RESERVATION OF RIGHTS

Synchrony expressly reserves the right to assert such other and further affirmative defenses as may be appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Synchrony respectfully requests that this Court grant Synchrony the following relief with respect to the Cohen's Crossclaim:

A.      That the Cohen's Crossclaim be dismissed with prejudice;

B.      That the Cohen's Defendants and Gershovich Defendants take nothing by virtue of the Cohen's Crossclaim;

C.      That judgment be entered against the Cohen's Defendants and Gershovich Defendants and in favor of Synchrony;

D.      That the Court award Synchrony its attorneys' fees, expenses and costs to the fullest extent permitted by law; and

E.      That the Court issue such other and further relief as the Court deems just and proper.

Dated: New York, New York
       August 7, 2020

STROOCK & STROOCK & LAVAN LLP

By:    */s Daniel N. Bertaccini*      
     Daniel N. Bertaccini
     180 Maiden Lane
     New York, NY 10038
     Telephone:  (212) 806-5400
     Fax:  (212) 806-6006
     Email: dbertaccini@stroock.com
          docketing@stroock.com

     Julia B. Strickland
     Jeffrey D. Harada
     *Admitted Pro Hac Vice*
     2029 Century Park East, 16th Floor
     Los Angeles, CA 90067
     Telephone:  (310) 556-5800
     Fax:  (310) 556-5959
     Email:  jstrickland@stroock.com
          jharada@stroock.com
          lacalendar@stroock.com

     *Attorneys for Defendant and*
     *Crossclaim-Plaintiff Synchrony Bank*