UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

JPMORGAN CHASE BANK, N.A.,

      Plaintiff,

 -against-

SYNCHRONY BANK, ELIZABETH OPTICAL,
INC. D/B/A COHEN'S FASHION OPTICAL,
E & A OPTICAL, INC. D/B/A COHEN'S FASHION
OPTICAL, EDWARD GERSHOVICH, and
MARIANA GERSHOVICH.

      Defendants.

-----------------------------------------------------------------X

Case No. 20-cv-2162

**ANSWER TO CROSSCLAIMS**

**JURY TRIAL DEMANDED**

SYNCHRONY BANK,

      Crossclaim-Plaintiff,

 -against-

ELIZABETH OPTICAL, INC. D/B/A COHEN'S
FASHION OPTICAL, E & A OPTICAL, INC. D/B/A
COHEN'S FASHION OPTICAL, EDWARD
GERSHOVICH, MARIANA GERSHOVICH, and
DANY KOGAN

      Crossclaim-Defendants.

-----------------------------------------------------------------X

   Crossclaim-Defendant DANY KOGAN, by and through his attorney, THE LAW OFFICE OF ADAM D. GLASSMAN, P.C., hereby answers Crossclaim-Plaintiff's Crossclaims as follows:

## ANSWER TO CROSSCLAIMS

   DANY KOGAN, by and through his attorney, THE LAW OFFICE OF ADAM D. GLASSMAN, P.C., hereby answers Synchrony Bank's Crossclaims ("Crossclaims") as follows:

   1. Denies the allegations contained in Paragraph 1 of the Crossclaims.

2. Denies the allegations contained in Paragraph 2 of the Crossclaims.

3. Denies the allegations contained in Paragraph 3 of the Crossclaims.

4. Denies knowledge or information sufficient to respond to the allegations contained in Paragraph 4 of the Crossclaims.

5. Denies knowledge or information sufficient to respond to the allegations contained in Paragraph 5 of the Crossclaims, except admit that certain Crossclaim-Defendants moved certain funds out of the Chase Bank accounts at issue prior to Synchrony Bank's request to Chase Bank to restrain the funds.

6. Denies the allegations contained in Paragraph 6 of the Crossclaims.

7. Denies knowledge or information sufficient to respond to the allegations contained in Paragraph 7 of the Crossclaims.

8. Denies the allegations contained in Paragraph 8 of the Crossclaims.

9. Denies the allegations contained in Paragraph 9 of the Crossclaims.

10. Denies the allegations contained in Paragraph 10 of the Crossclaims.

11. Denies knowledge or information sufficient to respond to the allegations contained in Paragraph 11 of the Crossclaims.

12. Denies knowledge or information sufficient to respond to the allegations contained in Paragraph 12 of the Crossclaims.

13. Denies knowledge or information sufficient to respond to the allegations contained in Paragraph 13 of the Crossclaims.

14. Admits the allegations contained in Paragraph 14 of the Crossclaims.

15. Admits the allegations contained in Paragraph 15 of the Crossclaims.

16. Admits the allegations contained in Paragraph 16 of the Crossclaims.

17. Denies the allegations contained in Paragraph 17 of the Crossclaims.

18. Denies the allegations contained in Paragraph 18 of the Crossclaims.

19. Admits the allegations contained in Paragraph 19 of the Crossclaims.

20. Admits the allegations contained in Paragraph 20 of the Crossclaims.

21. Admits the allegations contained in Paragraph 21 of the Crossclaims.

22. Admits the allegations contained in Paragraph 22 of the Crossclaims.

23. Admits the allegations contained in Paragraph 23 of the Crossclaims.

24. Admits the allegations contained in Paragraph 24 of the Crossclaims.

25. Admits the allegations contained in Paragraph 25 of the Crossclaims.

26. Denies knowledge or information sufficient to respond to the allegations contained in Paragraph 26 of the Crossclaims.

27. Admits the allegations contained in Paragraph 27 of the Crossclaims.

28. Denies knowledge or information sufficient to respond to the allegations contained in Paragraph 28 of the Crossclaims.

29. Denies knowledge or information sufficient to respond to the allegations contained in Paragraph 29 of the Crossclaims.

30. Denies knowledge or information sufficient to respond to the allegations contained in Paragraph 30 of the Crossclaims.

31. Denies knowledge or information sufficient to respond to the allegations contained in Paragraph 31 of the Crossclaims.

32. Denies knowledge or information sufficient to respond to the allegations contained in Paragraph 32 of the Crossclaims.

33. Denies knowledge or information sufficient to respond to the allegations contained in Paragraph 33 of the Crossclaims.

34. Admits the allegations contained in Paragraph 34 of the Crossclaims.

35. Admits the allegations contained in Paragraph 35 of the Crossclaims.

36. Denies the allegations contained in Paragraph 36 of the Crossclaims.

37. Denies the allegations contained in Paragraph 37 of the Crossclaims.

38. Denies the allegations contained in Paragraph 38 of the Crossclaims.

39. Denies the allegations contained in Paragraph 39 of the Crossclaims.

40. Denies the allegations contain in Paragraph 40 of the Crossclaims.

41. Denies the allegations contain in Paragraph 41 of the Crossclaims.

42. Denies the allegations contain in Paragraph 42 of the Crossclaims.

43. Denies the allegations contain in Paragraph 43 of the Crossclaims.

44. Denies the allegations contained in Paragraph 44 of the Crossclaims, except admit that certain Crossclaim-Defendants moved certain funds out of the Chase Bank accounts at issue prior to Synchrony Bank's request to Chase Bank to restrain the funds.

45. Denies knowledge or information sufficient to respond to the allegations contained in Paragraph 45 of the Crossclaims.

46. Denies knowledge or information sufficient to respond to the allegations contained in Paragraph 46 of the Crossclaims.

47. Denies the allegations contained in Paragraph 47 of the Crossclaims.

48. Denies the allegations contained in Paragraph 48 of the Crossclaims.

49. Denies knowledge or information sufficient to respond to the allegations contained in Paragraph 49 of the Crossclaims.

50. Denies the allegations contained in Paragraph 50 of the Crossclaims.

51. Denies the allegations contained in Paragraph 51 of the Crossclaims.

52. Denies knowledge or information sufficient to respond to the allegations contained in Paragraph 52 of the Crossclaims.

53. Denies the allegations contained in Paragraph 53 of the Crossclaims.

54. Denies the allegations contained in Paragraph 54 of the Crossclaims.

55. Denies the allegations contained in Paragraph 55 of the Crossclaims, except admit that Kogan pled guilty to federal crime(s) and served jail time.

56. Denies the allegations contained in Paragraph 56 of the Crossclaims.

57. Refers to the document referenced in Paragraph 57 of Crossclaims for the terms and conditions therein.

58. Denies the allegations contained in Paragraph 58 of the Crossclaims.

59. Denies the allegations contained in Paragraph 59 of the Crossclaims.

60. Repeat and reallege herein the allegations set forth above.

61. Denies knowledge or information sufficient to respond to the allegations contained in Paragraph 61 of the Crossclaims.

62. Denies the allegations contained in Paragraph 62 of the Crossclaims.

63. Refers to the document referenced in Paragraph 63 of Crossclaims for the terms and conditions therein.

64. Refers to the document referenced in Paragraph 64 of Crossclaims for the terms and conditions therein.

65. Refers to the document referenced in Paragraph 65 of Crossclaims for the terms and conditions therein.

66. Denies the allegations contained in Paragraph 66 of the Crossclaims.

67. Denies the allegations contained in Paragraph 67 of the Crossclaims.

68. Denies the allegations contained in Paragraph 68 of the Crossclaims.

69. Repeat and reallege herein the allegations set forth above.

70. Refers to the document referenced in Paragraph 70 of Crossclaims for the terms and conditions therein.

71. Denies the allegations contained in Paragraph 71 of the Crossclaims.

72. Refers to the document referenced in Paragraph 72 of Crossclaims for the terms and conditions therein.

73. Refers to the document referenced in Paragraph 73 of Crossclaims for the terms and conditions therein.

74. Refers to the document referenced in Paragraph 74 of Crossclaims for the terms and conditions therein.

75. Denies the allegations contained in Paragraph 75 of the Crossclaims.

76. Denies the allegations contained in Paragraph 76 of the Crossclaims.

77. Denies the allegations contained in Paragraph 77 of the Crossclaims.

78. Repeat and reallege herein the allegations set forth above.

79. Neither admit nor deny due to the assertion of law contained in Paragraph 79 of the Crossclaims.

80. Denies the allegations contained in Paragraph 80 of the Crossclaims.

81. Denies the allegations contained in Paragraph 81 of the Crossclaims.

82. Repeats and realleges herein the allegations set forth above.

83. Neither admits nor denies due to the assertion of law contained in Paragraph 83 of the Crossclaims.

84. Denies the allegations contained in Paragraph 84 of the Crossclaims.

85. Denies the allegations contained in Paragraph 85 of the Crossclaims.

86. Repeats and realleges herein the allegations set forth above.

87. Denies the allegations contained in Paragraph 87 of the Crossclaims.

88. Denies the allegations contained in Paragraph 88 of the Crossclaims, except admit that certain Crossclaim-Defendants transferred certain funds to other Crossclaim-Defendants.

89. Denies the allegations contained in Paragraph 89 of the Crossclaims.

90. Denies the allegations contained in Paragraph 90 of the Crossclaims.

91. Denies the allegations contained in Paragraph 91 of the Crossclaims.

92. Denies the allegations contained in Paragraph 92 of the Crossclaims.

93. Denies the allegations contained in Paragraph 93 of the Crossclaims.

94. Denies the allegations contained in Paragraph 94 of the Crossclaims.

95. Repeat and reallege herein the allegations set forth above.

96. Denies the allegations contained in Paragraph 96 of the Crossclaims.

97. Denies the allegations contained in Paragraph 97 of the Crossclaims.

98. Denies the allegations contained in Paragraph 98 of the Crossclaims.

99. Denies knowledge or information sufficient to respond to the allegations contained in Paragraph 99 of the Crossclaims.

100. Denies the allegations contained in Paragraph 100 of the Crossclaims.

101. Denies the allegations contained in Paragraph 101 of the Crossclaims.

102. Denies the allegations contained in Paragraph 102 of the Crossclaims.

103. Denies the allegations contained in Paragraph 103 of the Crossclaims.

104. Denies the allegations contained in Paragraph 104 of the Crossclaims.

105. Denies the allegations contained in Paragraph 105 of the Crossclaims.

106. Denies the allegations contained in Paragraph 106 of the Crossclaims.

107. Repeats and realleges herein the allegations set forth above.

108. Denies the allegations contained in Paragraph 108 of the Crossclaims.

109. Denies the allegations contained in Paragraph 109 of the Crossclaims.

110. Denies the allegations contained in Paragraph 110 of the Crossclaims.

111. Denies the allegations contained in Paragraph 111 of the Crossclaims.

112. Denies the allegations contained in Paragraph 112 of the Crossclaims.

113. Repeats and realleges herein the allegations set forth above.

114. Denies the allegations contained in Paragraph 114 of the Crossclaims.

115. Denies the allegations contained in Paragraph 115 of the Crossclaims.

116. Denies the allegations contained in Paragraph 116 of the Crossclaims.

117. Denies the allegations contained in Paragraph 117 of the Crossclaims.

118. Repeats and realleges herein the allegations set forth above.

119. Refers to the document referenced in Paragraph 119 of Crossclaims for the terms and conditions therein.

120. Denies the allegations contained in Paragraph 120 of the Crossclaims.

121. Denies the allegations contained in Paragraph 121 of the Crossclaims.

122. Repeats and realleges herein the allegations set forth above.

123. Refers to the document referenced in Paragraph 123 of Crossclaims for the terms and conditions therein.

124. Denies the allegations contained in Paragraph 124 of the Crossclaims.

125. Denies the allegations contained in Paragraph 125 of the Crossclaims.

126. Admits that Synchrony Bank requests a trial by jury.

## FIRST AFFIRMATIVE DEFENSE

The Crossclaims fail to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Crossclaim-Plaintiff's third and fourth claims are duplicative of its first and second claims.

## THIRD AFFIRMATIVE DEFENSE

Crossclaim-Plaintiff's *quasi* contractual claims are barred because written contracts exist.

## FOURTH AFFIRMATIVE DEFENSE

Crossclaim-Plaintiff's claims are barred by the doctrine of estoppel.

## FIFTH AFFIRMATIVE DEFENSE

Crossclaim-Plaintiff's claims are barred by the doctrine of waiver.

## SIXTH AFFIRMATIVE DEFENSE

Crossclaim-Plaintiff's claims are barred by the equitable doctrine of estoppel.

## SEVENTH AFFIRMATIVE DEFENSE

Crossclaim-Plaintiff's claims are barred because the Crossclaim-Plaintiff consented to and approved all of the acts and omissions of which the Crossclaim-Plaintiff now complains.

## EIGHTH AFFIRMATIVE DEFENSE

Crossclaim-Plaintiff's claims are barred by the equitable doctrine of ratification.

## NINTH AFFIRMATIVE DEFENSE

Crossclaim-Plaintiff's claims are barred by the equitable doctrine of *in pari delicto*.

## TENTH AFFIRMATIVE DEFENSE

Crossclaim-Plaintiff's claims are barred due to the doctrine of detrimental reliance.

.

**ELEVENTH AFFIRMATIVE DEFENSE**

Crossclaim-Plaintiff's claims are barred on the basis of unconscionability.

**TWELFTH AFFIRMATIVE DEFENSE**

Crossclaim-Plaintiff's claims are barred due to lack of privity between the Crossclaim-Plaintiff and Crossclaim Defendant, DANY KOGAN.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Crossclaim-Plaintiff's claims are barred due to Cross-Plaintiff's lack of standing.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Crossclaim-Plaintiff's claims are barred because it suffered no injury as a result of any act or omission of Crossclaim-Defendant, DANY KOGAN.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Crossclaim-Plaintiff's claims are barred because Crossclaim-Plaintiff failed to mitigate it damages.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Crossclaim-Plaintiff's claims are barred since any damages allegedly suffered by the Crossclaim-Plaintiff were the direct and proximate result of the independent, intervening, negligent and/or unlawful conduct of independent third parties or their agents, which were beyond the control of Crossclaim-Defendant, DANY KOGAN

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Crossclaim-Plaintiff's claims are barred by the equitable doctrine of laches.

## RESERVATION OF RIGHTS

Defendants herein reserve the right to amend or further plead any other defenses and crossclaims applicable to any and all counts after a reasonable opportunity for discovery.

**WHEREFORE**, Crossclaim-Defendant DANY KOGAN herein prays for judgment as follows:

1. That the Court enter a judgment (a) dismissing the Crossclaims against Crossclaim-Defendant DANY KOGAN in their entirety and with prejudice and (b) in favor of Crossclaim-Defendant DANY KOGAN herein and against Crossclaim-Plaintiff, awarding Crossclaim-Defendant DANY KOGAN herein his costs, disbursements, interest, and reasonable attorneys' fees and expenses incurred in connection with this action; and

2. That Crossclaim Defendant DANY KOGAN herein be awarded such other and further relief as the Court may deem just and proper.

Dated: Lynbrook, New York
      August 12, 2020

                         THE LAW OFFICE OF ADAM D. GLASSMAN, P.C.

By: _____
ADAM D. GLASSMAN
34 Atlantic Avenue, Suite 200
Lynbrook, NY 11563
(516) 823-1800
*Attorneys for Crossclaim Defendant*
*DANY KOGAN*